IN THE UNITED STATES DSITRICT COURT
FOR THE EASTERN DISTRICT OF
MISSOURI

MILDRED MOSER, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

EAST CENTRAL MISSOURI BEHAVIORAL HEALTH SERVICES, INC. d/b/a ARTHUR CENTER COMMUNITY HEALTH,

    *Defendant.*

No. 2:25-cv-00020-HEA

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO RECALL
AND STAY REMAND ORDER PENDING APPEAL**

    For the reasons set forth in Defendant East Central Missouri Behavioral Health Services, Inc. (Arthur Center)'s motion and supporting memorandum (ECF Nos. 17, 18), the Court should recall and stay its remand order pending the resolution of Defendant's Eighth Circuit appeal, No. 25-2990. Plaintiff's opposition (ECF No. 21, "Pl. Opp.") misconstrues the removal provisions at issue and ultimately advances a position that would require the Eighth Circuit to not only create splits with the Second and Ninth Circuits but would "alter fundamentally the answer to the 'who decides'" question—that is, who determines whether a deemed federal employee is immune under 42 U.S.C. § 233(a) in any given lawsuit: the Attorney General, unreviewably, or, when that Executive Branch decision is contested, the appropriate federal court. *Blumberger v. Tilley*, 115 F.4th 1113, 1137 (9th Cir. 2024) (citing *De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)).

1

## I. The Court Should Recall the Remand Order under Fed. R. Civ. P. 62(a)

Admitting the Court's remand order qualifies as a "judgment" for purposes of Fed. R. Civ. P. 62(a)'s automatic stay, Plaintiff suggests this Court invoked the rule's exception and "dissolved Rule 62(a)'s automatic stay" by "immediately" remanding the case to state court. Pl. Opp. 2.

The Court's remand order, however, neither references Rule 62 nor articulates any reason for "immediately" dissolving the automatic stay. It is more likely the Court—instead of making a *sub silentio* ruling to undo otherwise automatic injunctive relief—overlooked two things: the remand order qualifies as a "judgment" within the meaning of Rule 62, and the general bar on appellate review of remand orders expressly excepts a small subset of them—*i.e.*, remands orders in actions removed pursuant to 28 U.S.C. § 1442 (or 1443). 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed pursuant to section 1442 . . . of this title shall be reviewable by appeal or otherwise"). Moreover, until fairly recently, courts in the Eighth Circuit would not expect there to be appellate review of any ground for removal other than the basis underlying the § 1442 (or 1443) removal. In *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1536–37 (2021), the Supreme Court changed that landscape, construing § 1447(d) to mandate review of any of a removing party's asserted grounds for removal as long as § 1442 (or 1443) is one of them. Thus, the *BP* decision opened a previously closed door to Eighth Circuit appellate view of this Court's removal jurisdiction under § 233(*l*)(1) and (2). *Id.* at 1545 (Sotomayor, J., dissenting) (citing *Thornton v. Holloway*, 70 F.3d 522, 524 (8th Cir. 1995) as an example of the narrower review that existed prior to the majority's decision).

Plaintiff also ignores the Supreme Court's observation in the *BP* that "Congress has deemed it appropriate to allow appellate review *before a district court may remand a case to state court.*" *Id.* at 1536 (emphasis added) (citing 28 U.S.C. § 1447(d)). As that statement plainly recognizes,

for appellate review of a remand order to be meaningful, the review must happen *before* the case is remanded.

Plaintiff's claim that "many district courts have denied requests to stay remand orders in nearly identical circumstances" misses the mark. Pl. Opp. 2–3. Each case Plaintiff string cites involves a type of defendant, *i.e.*, a "private hospital," that is readily and significantly distinguishable from an entity, such as Arthur Center, deemed to be a federal Public Health Service employee (by a cabinet level official no less) for purposes of the Public Health Service Act's absolute immunity protection. 42 U.S.C. § 233(a), (g). In other words, unlike a private hospital, there is no dispute Arthur Center is a deemed *federal* employee, under a "final and binding" determination, 42 U.S.C. § 233(g)(1)(F), with a suit immunity right that some federal courts have applied to data-breach class actions, having exercised removal jurisdiction to do so. Indeed, Plaintiff had no choice but to concede that point. Pl. Opp. 7 n.3 (citing *Krandle v. Refuah Health Ctr.*, 2024 WL 1075359, at *9-10 (S.D.N.Y. Mar. 12, 2024)[1]; *Doe v. Nbhd. Healthcare*, 2022 WL 17663520, at *8 (S.D. Cal. Sept. 8, 2022).

At the same time, Plaintiff ignores or glosses over the actually "identical" data-breach class actions against deemed health center defendants in which district courts *did* their stay remand orders pending appeal: *e.g.*, *Johnson v. Petaluma,* No. 23-cv-03777, 2025 WL 1539853, at *1369 (N.D. Cal. May 30, 2025) (granting stay of remand order pending appeal), and *Hale v. ARcare, Inc.*, No. 3:22-cv-00117, 2024 WL 1016361, at *3 (E.D. Ark. Mar. 8, 2024). In *Johnson*, the District Court for the Northern District of California granted the deemed health center's "oral request" for a stay pending appeal, and neither the United States nor the plaintiff (similarly situated

---

[1] Neither the plaintiff nor the United States appealed the *Doe* decision. In *Refuah*, the plaintiffs' appeals are pending. *See* Nos. 25-765, 25-766 (2d Cir.).

3

to the plaintiff here) objected. *See Johnson*, 2025 WL 1539853, at *1369. Similarly, in the *Hale* litigation—which involves multiple state and federal court data-breach class actions arising out of the same incident—the District Court for the Eastern District of Arkansas exercised § 233(*l*)(2) jurisdiction over one of the state court actions (*Engles v. ARcare. , Inc.*, No. 22-cv-00139 (E.D. Ark.)), and then consolidated *Engles* "into *Hale v. ARcare*, 3:22-cv-00117," which had originated in federal court. *Engles*, No. 22-cv-00139, ECF Nos. 55 (Order denying motion to remand), 57 (Order consolidating *Engles* into *Hale*); *Hale*, No. 22-cv-00117, ECF No. 50 (Order granting deemed health center defendant's motion to stay pending appeal). Plaintiff, ignores the consolidation of *Engles*, and pretends the entire consolidated action originated in federal court. Pl. Opp. 7 n.2. Even more perplexing, Plaintiff asserts that the district court, in the consolidated action, "had authority to determine whether the immunity defense applied under those circumstances," as if that helps their position here. The whole point of officer removal statutes is to afford a *federal* forum to resolve disputes as to colorable *federal* defenses. That the federal district court in Arkansas adjudicated the deemed health center's claim to absolute immunity under § 233(a)—which is now pending appeal and subject to reversal—supports, rather than undercuts, Arthur Center's asserted right to a federal forum for the threshold immunity determination. In other words, "denying the district court['s] jurisdiction to conduct hearings under section 233(*l*)(2) and substitute the United States when appropriate would permit a plaintiff to—in some cases—avoid federal question jurisdiction through "artful pleading." *See Estate of Campbell v. S. Jersey Med. Ctr.*, 732 Fed. App'x. 113, 116 (3d Cir. May 1, 2018) (citing *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986)).

## II. The Remand Order Should be Stayed Pending Appeal Pursuant to Fed. R. App. P. 8

Plaintiff's position as to Arthur Center's likelihood of success on appeal ignores contrary authority and otherwise rests on a misreading of the *Blumberger* decision.

First, Plaintiff insists (Pl. Opp. 4–5, 6) there is "*nothing* to suggest the Eighth Circuit would take a different view" on the district court's authority to make the underlying immunity determination, despite the following: the Eighth Circuit is poised to decide the merits of the immunity defense , in a nearly identical case, *Hale v. ARcare, Inc.*, No. 24-1726 (8th Cir.) (argued and submitted April 16, 2025); the Ninth Circuit squarely rejects Plaintiff's assertion that a state court appearance and negative coverage determination by the Attorney General precludes removal jurisdiction and judicial review, *Blumberger*, 115 F.4th at 1134 ("Any advice the Attorney General may give to the state court about its ultimate coverage decision has no legal consequence, one way or another, under § 233(*l*)(1))"; and the Second Circuit has concluded that a deemed health center is "subject to federal oversight and control" sufficient to render a deemed PHS physician "acting under" a federal officer for purposes of 28 U.S.C. § 1442(a)(1), *Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021).

Second, a case Plaintiff chiefly relies on here, *Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024)), arose out of a district court's *exercise* of jurisdiction under *both* § 233(*l*)(2) and § 1442(a)(1) to adjudicate the merits of the asserted immunity defense. That case, not to mention the pending appeal in *Hale*, illustrates why district courts must exercise their "virtually unflagging obligation" to reach their own conclusions as to whether § 233(a) immunity applies. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *see also Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). That obligation exists,

5

contrary to Plaintiff's argument, Pl. Opp. 7, regardless of the ultimate validity of the federal defense. In other words, the ultimate validity of the federal defense "is a distinct subject . . . . involv[ing] wholly different inquiries. . . . [with] no connection whatever with the question of jurisdiction." *Mesa v. California*, 489 U.S. 121, 129 (1989) (quoting *Mayor & Aldermen of City of Nashville v. Cooper*, 73 U.S. 247, 254 (1867)).

Third, Plaintiff's assertion that Arthur Center concedes its removal was procedurally improper and that it "had no authority to remove once the Attorney General properly appeared" is simply wrong and rests on a misreading of the *Blumberger* decision. As Arthur Center made clear, its removal to federal court merely did what the Attorney General was required (but failed) to do, and what the statute contemplates deemed defendants will do themselves should the Attorney General fail to fulfil her removal obligation under § 233(*l*)(1). Memo. of Law in Support of Motion to Recall and Stay, ECF No. 18 at 8–9 (asserting "Ninth Circuit unequivocally held that § 233(*l*)(1) imposes an affirmative obligation on the Attorney General to remove *on behalf of* a defendant where (as here) HHS had deemed the defendant to be a PHS employee for the period in which the events giving rise to the claim occurred") (citing *Blumberger*, 115 F.4th at 1128–29, 1145 ("Because [the defendant] was a 'deemed' PHS employee under § 233 when the events giving rise to this action occurred, it ha[d] the right to remove and removal under § 233(l)(1) should be *automatic* upon the Attorney General's appearance.")). Moreover, citing *Blumberger*, Arthur Center explained that the Attorney General's "ultimate coverage decision has no legal consequence, one way or another, under § 233(*l*)(1)." ECF No. 18 at 9 (citing *Blumberger*, 115 F.4th at 1134).

In terms of harm, Plaintiff does not honestly engage with the nature of § 233(a) immunity, suggesting instead that "litigation expense" is not "irreparable injury." Pl. Opp. 8. Immunity,

6

however, is not merely a defense to liability but a right to be free from the cost and burdens of litigation *altogether*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (immunity is the right to be free from "the concerns of litigation, including 'avoidance of disruptive discovery'") (citation omitted). Indeed, the irreparable harm caused by eroded suit immunity is why orders denying such immunity are subject to immediate interlocutory appeal. *Hui v. Castaneda*, 559 U.S. 799, 804 n.4 (2010) ("district court orders denying absolute immunity [under 42 U.S.C. § 233(a)] constitute 'final decisions' for purposes of 28 U.S.C. § 1291") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524-27 (1985) (immunity "is effectively lost if a case is erroneously permitted to go to trial" against the immune official)). In contrast, the otherwise fair point that "litigation expense" is not "irreparable injury" sharply undercuts Plaintiff's own position here. Indeed, she claims a stay would be merely "against" her interests. Pl. Opp. 8.

Finally, Plaintiff's assertion that the public interest is served by simply "honor[ing]" the Attorney General's coverage determination as dispositive turns decades of "who decides" jurisprudence on its head. "If Congress intended 'to commit the critical 'scope-of-employment' inquiry to the unreviewable judgment of the Attorney General or her delegate, and thus to alter fundamentally the answer to the 'who decides' question,' we would expect Congress to do so clearly . . . But if one thing about § 233 is plain, it is that Congress did not plainly commit [the ultimate coverage determination] to the unreviewable judgment of the Attorney General." *Blumberger*, 113 F.4th at 1137.

For the foregoing reasons and those previously stated, this Court should recall and stay execution of its remand order pursuant to Fed. R. Civ. P. 62(a) and Fed. R. App. P. 8.

DATED: October 16, 2025                    Respectfully submitted,

                                            s/ *James Daniel Ribaudo*
                                            James Daniel Ribaudo

GAUSNELL O'KEEFE LLC
1717 Park Avenue, Suite 200
St. Louis, MO 63104
Tel: 314.257.9800
jribaudo@gotlawstl.com

*Attorneys for East Central Missouri Behavioral Health Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2025, this reply was filed via CM/ECF and served on all counsel of record.

s/ *James Daniel Ribaudo*
James Daniel Ribaudo

8